## CULBERTSON *v.* BD. OF COM. OF JEFFERSON CO.

By regulation of statute the sheriffs and clerks of the district courts are allowed not exceeding thirty dollars per annum from the county, for services in criminal cases when the party is acquitted; and are not entitled to any other compensation in such cases. Section 1, of the Laws of 1846, p. 1, does not extend to clerks—it applies to witnesses only.

### ERROR, *to Jefferson District Court.*

*C. Negus*, for the plaintiff in error, cited *Rev. Stat.* p. 158, § 90; ib. p. 161, § 6; ib. p. 214, § 1; Laws of 1846, p. 1, §§ 1 and 2.

*Geo. Acheson*, for the defendant, contended that the sections of the statute referred to and in force only authorize the county to pay witness fees, in criminal cases when the accused is acquitted.

*Opinion by* KINNEY, J. This cause was tried in the district court of Jefferson County on an appeal from the decision of the board of commissioners refusing to allow the claim of the plaintiff in error as clerk of the district court for fees in criminal cases. The decision of the commissioners was affirmed by the district court, and a judgment rendered against the plaintiff for costs; to reverse which, this writ of error was sued out.

If the plaintiff is entitled to recover, it is by virtue of the statute, and therefore we have only to refer to the various legislative enactments upon this subject to determine the liability of the county.

The first statute passed upon this subject was approved January 4th, 1839, and provides that when the prosecution fails, the costs, including the fees of the defendant's witnesses, shall be paid by the county, Rev. Stat. p. 158, § 90.

The next statute was approved February 15th, 1842, and provides that in criminal offences when the person is acquitted, no costs shall be rendered by the court against the county or territory, Rev. Stat. p. 161. These statutes are in direct conflict; the latter clearly repealing the former, and precluding the rendition of judgment against the county in case of acquittal. However benevolent this statute may have been in its operation upon the counties, it certainly was very oppressive upon those public officers who were required to render important service without the slightest equivalent.

This statute remained scarcely a year before the legislature passed an act to remedy the mischief, by providing that the county commissioners might allow the sheriff and clerk any sum not exceeding thirty dollars per annum for services in criminal cases where the party is acquitted, Rev. Stat. p. 214, § 1. By this statute provision is made for compensation to these officers in cases where there is no conviction. But in this act no provision is made for the payment of the fees of witnesses in criminal cases in which the result is the same, and the act of February 15th, 1842, exempting the counties from such fees, was still in force as affecting witnesses. Hence, as this was also a mischief which demanded a remedy, and as witnesses had a direct interest in the conviction of the accused, the legislature very properly passed an act, approved January 1st, 1846, requiring the county, in cases of acquittal, to pay the witnesses. This statute, however, only embraces *witnesses*, and does not extend to the officers of the court, as has been urged by the counsel for

the plaintiff in error, a remedy having been extended to them by a previous statute.

The fees of the clerk of the district court being thus regulated by statute, and the statute having provided for an annual compensation to be defined by the commissioners in cases of acquittal, we know of no other way by which he can obtain his fees from the county in such cases but in the way and manner pointed out by the statute.

Judgment affirmed.